CRITERION INSURANCE COMPANY, PLAINTIFF-RESPONDENT, v. MICHAEL KUPIEC, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 13, 1975—Decided May 27, 1975.

Before Judges CARTON, CRANE and KOLE.

*Messrs. Casby and Garrigle,* attorneys for appellant (*Mr. William A. Garrigle* of counsel and on the brief).

*Messrs. Orlando, Yampell, Forgash and Slimm,* attorneys for respondent (*Mr. Michael A. Orlando* on the brief).

PER CURIAM. Plaintiff Criterion Insurance Company (Criterion) is the insurance carrier for Polanski, the owner of an automobile operated by defendant Kupiec that was involved in an accident. Persons claiming to have sustained damages as a result thereof instituted actions therefor. Criterion at first denied coverage on the ground that Kupiec did not have the permission of the insured to drive, and filed a declaratory judgment action for the purpose of an adjudication of noncoverage. That action was dismissed by stipulation after Criterion agreed to pay $29,000 into court and in effect admitted coverage, according to it, in order to protect the named insured.

Meanwhile, however, after the disclaimer of coverage, the Unsatisfied Claim and Judgment Fund (the Fund) assigned the General Adjustment Bureau (General) to investigate and defend the claims against Kupiec under *N. J. S. A.* 39:6-66. Legal fees and other expenses were incurred by General in that endeavor and attorneys assigned by General appeared of record on behalf of Kupiec. After such expenses were incurred Criterion instituted the present action for an order permitting it to deposit the $29,000 into court, restraining the Law Division negligence actions and ordering a refund to it of any surplus money remaining after all claims were paid.

By way of counterclaim Kupiec, through General's attorneys, sought to recover from Criteron counsel fees paid to Kupiec's private attorney before the Fund entered the litigation, as well as legal fees and investigative costs paid by General in connection with the litigation.

A motion for summary judgment to compel Criterion to pay counsel fees and investigation costs to the Fund (*i. e.*, General) under *R.* 4:42-9(a)(6) was denied by the trial judge.[1] This appeal followed.

The judge held that such fees and costs may not be recovered by the Fund or its assigned carrier from the insurance company that initially denied coverage, notwithstanding *Gerhardt v. Continental Ins. Co.*, 48 *N. J.* 291 (1966), and *Unsatisfied Claim and Judgment Fund Board v. Concord Ins. Co.*, 110 *N. J. Super.* 191 (Law Div. 1971). The latter case held that the Fund could institute a declaratory judgment action against an insurance carrier that disclaimed coverage to its insured, thereby relegating him to a defense by the Fund.

---

[1] No question is raised on this appeal as to Kupiec's right to recover the fees he paid his personal counsel. The issue framed here and below relates only to the Fund's right to collect legal fees and investigation costs.

The court below relied on *N. J. S. A.* 39 :6–66 (c), which provides that the Fund may assign its cases to insurers in proportion to their premium writings, and that each such insurer "shall at its own expense" make the appropriate investigation in connection with, and conduct the defense of, the claim assigned to it, all on behalf of the Fund. The court concluded that the legislative intent was to have the insurance carriers of this State bear the costs of the defense of assigned cases as a *quid pro quo* for the conduct of business within the State. It found that the statutory provision that cases be assigned in proportion to the amount of premiums collected in this State supported the legislative purpose to have all insurance carriers in the State bear the burden of "this unpleasant task in an equitable manner."

We have concluded that the court below took too restrictive a view of the statute. We see no necessary relationship between the provisions relied on by the court and the issue of who should bear the expense of defending a case with respect to which an insurance carrier disclaims liability, or a case involving the very issue of coverage itself. The provisions obviously did not contemplate the situation where an insurer denies coverage.

Where there is a disclaimer by an insurance carrier, the Fund has the right to institute a declaratory judgment action against the carrier to determine coverage, so that (1) it need not saddle an assigned carrier with the costs of investigation and defense, and (2) it may endeavor to protect the integrity of the Fund against claims covered by insurance. See *Unsatisfied Claim and Judgment Fund Board v. Concord Ins. Co., supra.* But that is not its sole remedy. See *Burd v. Sussex Mut. Ins. Co.,* 56 *N. J.* 383, 391 (1970). It may assign the defense to a carrier in accordance with the statute and, in the first instance, that carrier may be required to investigate and defend at its own cost. Nevertheless, if at any point the issue of insurance coverage arises and it is determined judicially that defendant

is in fact covered by another insurance carrier, or the latter agrees to such coverage for settlement purposes, the cost burden shifts. In such event the disclaiming carrier is required to pay the investigatory and legal expenses incurred by the Fund-assigned carrier in connection with the claim assigned to it.

We do not agree with Criterion that this interpretation of the statute would discourage insurance carriers who dispute coverage from settling the coverage question. Rather, in our view it would prevent the arbitrary denial of coverage by insurance carriers and encourage such settlements, at least in cases where the coverage question is in doubt. In short, we believe that it would further the legislative design to preserve the Fund by precluding inappropriate disclaimers by carriers simply because the cost of investigating and defending the claim is being borne by the carrier assigned by the Fund.

Since, as we have stated, the Legislature did not contemplate the situation in which a carrier might deny coverage, the provisions dealing with the assignment of judgments to the Fund and the subrogation of the Fund to the judgment creditor's cause of action where it pays a judgment, *N. J. S. A.* 39:6–77 and 39:6–88, have no relevance to the issue at hand. The amount that may be recovered or retained by the Fund in connection with any such cause of action does not include the legal or other expenses incurred by the assigned carrier in defending the claim upon which such judgment is predicated.

We hold, therefore, that the Fund may recover counsel fees and investigative costs in connection with all of the litigation here involved. Of course, the ultimate beneficiary of that recovery will be the assigned carrier, General.

Reversed and remanded for proceedings not inconsistent with this opinion.